William E. BURKHART, Jr., Appellant,

v.

**WIDENER UNIVERSITY, INC.**

No. 01–2305.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) April 10, 2003.

Decided April 21, 2003.

Before BARRY, ROSENN, Circuit
Judges, and POLLAK,* District Judge.

OPINION

BARRY, Circuit Judge.

William E. Burkhart, Jr., brought this discrimination complaint on August 30, 1999 against Widener University under Titles III and IV of the Americans with Disabilities Act of 1990 ("ADA"), 104 Stat. 328, 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CONS.STAT. §§ 951 *et seq.* Widener moved to dismiss, and Burkhart amended his complaint on December 15, 1999. On April 19, 2001, in response to Widener's renewed motion to dismiss, the District Court dismissed the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied Burkhart's motion for reconsideration. Burkhart filed this timely appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1331, and will affirm.

Because we write only for the parties, we will not describe the factual background of this case, which is recounted in the District Court's Memorandum and Order. *Burkhart v. Widener Univ., Inc.*, No. CV–99–1568, slip op. at 1–3 (Apr. 19, 2001). The District Court found that the statute of limitations on Burkhart's ADA claims began to run in the spring of 1995 and expired in the spring of 1997, and dismissed his amended complaint, finding no justification for exercising jurisdiction over the remaining state claims.

We exercise plenary review over a district court's order dismissing a complaint under Rule 12(b)(6). *Green v. America*

---

* The Honorable Louis H. Pollak, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*Online,* 318 F.3d 465, 470 (3d Cir.2003). We accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. We will affirm only if no relief could be granted under any set of facts the plaintiff could prove. *Id.*

Because the ADA does not contain a statute of limitations, we apply the most appropriate or analogous state statute of limitations. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) (applying state statute of limitations for personal injury claims to racial discrimination claim under 42 U.S.C. § 1981). Here, Pennsylvania's statute of limitations for both personal injury claims and claims under the PHRA is two years. 42 Pa. Cons.Stat. § 5524(2); 43 Pa. Cons. Stat. § 962(c)(2). We, therefore, will apply a two-year statute of limitations to the ADA claims. Because Title IV of the ADA adopts the remedies and procedures applicable to Title III claims, our reasoning will apply equally to both. 42 U.S.C. § 12203(c).

The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises. *Haugh v. Allstate Ins. Co.,* 322 F.3d 227 (3d Cir.2003). A cause of action accrues and the statute of limitations begins to run under Titles III and IV of the ADA when the plaintiff knows or has reason to know of the injury that is the basis for the action. *Toney v. U.S. Healthcare, Inc.,* 840 F.Supp. 357, 359 (E.D.Pa.1993), *aff'd without op.,* 37 F.3d 1489 (3d Cir.1994). In a discrimination case, the focus is on when the discriminatory act occurs, not when the consequences of that act become painful. *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

In his amended complaint, Burkhart alleged various discriminatory actions by Widener or its agents in the winter and spring of 1995, including threatening to expel him or falsify character and fitness reports to state bar officials; making discriminatory slurs directed at his perceived disability; refusing to provide him with a professional recommendation; and denying him "meaningful participation" in the moot court and trial advocacy competitions. The statute of limitations on Burkhart's ADA claims against Widener based on these actions began to run at least by the spring of 1995.

Burkhart also alleged that in the spring of 1996, Widener retaliated against him for filing an administrative complaint with the Pennsylvania Human Rights Commission ("PHRC") by failing to complete the institutional certification form as part of his application for admission to the New York State Bar in a timely manner. Burkhart filed his administrative complaint on August 28, 1995, and was admitted to the New York Bar on June 19, 1996. Consequently, his ADA claim against Widener based on its failure to assist him in gaining admission to the New York Bar accrued at least by late spring 1996, over three years before he filed this action.

Burkhart nonetheless argues that the District Court erred in holding that the statute of limitations began to run at the time the alleged discrimination occurred, rather than in late August 1997, when the PHRC closed the file on his administrative complaint.[1] This raises a question of first impression, at least for us: whether a plaintiff must exhaust his state administrative remedies before bringing a claim under Title III or IV of the ADA. We have previously held that plaintiffs need not exhaust their administrative remedies prior

1. The PHRC dismissed Burkhart's complaint in June 1997 and closed his case by letter dated August 28, 1997. On August 30, 1999, Burkhart filed his federal complaint against Widener.

to bringing suit under § 504 of the Rehabilitation Act, which bars both federal entities and private entities receiving federal funding from discriminating on the basis of disability in any context. *See* 29 U.S.C. § 794(a); *Freed v. Consol. Rail Corp.*, 201 F.3d 188 (3d Cir.2000).

Only one Court of Appeals has decided this question. The Ninth Circuit has held that the plain language of 42 U.S.C. § 12188 indicates that a plaintiff in a private Title III action is not required to exhaust his or her state remedies before filing a federal lawsuit. *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000). The Court noted that in § 12188(a)(1), which addresses the enforcement of Title III violations, Congress explicitly incorporated the remedies and procedures made available to claims under Title VII of the Civil Rights Act of 1964 in subsection (a) of 42 U.S.C. § 2000a–3. The Court then reasoned that the incorporation of subsection (a) to the exclusion of all other subsections of § 2000a–3 must be presumed intentional under the statutory canon of *expressio unius*. The Court concluded that § 12188(a)(1) does not implicitly incorporate § 2000a–3(c). The District Court here adopted the same reasoning, and we will do so as well.

Because Title III does not require the exhaustion of state remedies, the fact that Burkhart pursued a claim before the PHRC does not toll the statute of limitations. Burkhart filed this lawsuit on August 30, 1999, at least three years after his claims became justiciable. Because the statute of limitations bars his Title III and IV claims, the District Court properly dismissed Counts I–III of the amended complaint. The District Court also properly dismissed the supplemental state claims in Counts IV–VI, over which there was no independent basis for federal jurisdiction. *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir.2000).

Burkhart contends, however, that diversity of citizenship under 28 U.S.C. § 1332 provides an independent basis for our jurisdiction. In his amended complaint, Burkhart alleges that his anticipated medical expenses resulting from Widener's discriminatory conduct would exceed $75,000. (Compl.¶ 60.) As of December 15, 1999, when he filed his amended complaint, his claimed actual medical expenses as a result of Widener's conduct since the first half of 1995 were only $1500. *Id.* His claimed $75,000 in "anticipated" medical expenses is, in a phrase, patently frivolous. When it is clear to a legal certainty that the jurisdictional amount cannot be met, dismissal is appropriate. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir.1997). The District Court, therefore, correctly dismissed the complaint.

For the foregoing reasons, the judgment of the District Court will be affirmed.